**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Dylan Stellick, | Civ. No. 21-2129 (DSD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bloomington Police and Fairview Southdale ICU Staff, | |
| Defendants. | |

Plaintiff Dylan Stellick commenced this action by filing a complaint seeking relief from four groups of defendants for what appeared to be four unrelated series of events. *See* Compl. (Doc. No. 1). In an Order dated October 6, 2021, this Court noted that the four groups of defendants had been misjoined. *See* Doc. No. 3 (citing Fed. R. Civ. P. 20(a)(2)). Stellick was warned that he would not be permitted to proceed with unrelated claims against unrelated defendants in a single action. *Id.*

Stellick has since filed a letter informing the Court that he wishes to drop two of the four groups of defendants from this matter. *See* Doc. No. 6. Accordingly, this Court regards those former defendants (Northwest Airlines Police/Security and Mall of America Security/Police) as voluntarily dismissed from this action. *See* Fed. R. Civ. P. 41(a)(1).

1

This leaves only the claims brought by Stellick against defendants "Bloomington Police" and "Fairview Southdale ICU Staff."[1] Because Stellick has applied for *in forma pauperis* ("IFP") status, his complaint is subject to preservice review under 28 U.S.C. § 1915(e)(2)(B). Under that provision, this Court must examine the complaint upon filing and determine whether the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted; if so, then the IFP application may be denied and the complaint dismissed. In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Not much detail is provided regarding any of Stellick's claims for relief against either of the two remaining defendants. The claims presented against defendant

---

[1] Stellick has not entirely cured the misjoinder problem, as the events giving rise to the claims brought against the two remaining defendants seem to be unrelated to one another. Nevertheless, this Court will conduct a substantive review of the claims brought against each defendant.

Bloomington Police are the clearer of the two: Stellick alleges that he was subject to excessive force during three separate arrests, and he seeks monetary relief as a result, presumably under 42 U.S.C. § 1983.[2] A police department, however, is generally not a legal entity amenable to suit, *see Perry v. Wyatt*, No. 5:08-CV-0159 (JLH/HLJ), 2008 WL 4642978, at *2 (E.D. Ark. Oct. 16, 2008) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). A defendant seeking relief under § 1983 may sue the municipality of which the police department is a part, but only insofar as the defendant can establish that the alleged constitutional violations were "committed pursuant to an official custom, policy, or practice of the governmental entity," *Moyle v. Anderson*, 571 F.3d 814, 817–18 (8th Cir. 2009) (*citing Monell v. N.Y. Dep't of Social Services*, 436 U.S. 658, 690–92 (1978)), but the complaint includes no allegations that, if proved true, would establish the existence of an official custom, policy, or practice of unlawful behavior by the City of Bloomington. Alternatively, a defendant seeking relief under § 1983 may sue the specific person or persons responsible for the alleged violations of constitutional rights, but the complaint does not name any specific individual involved with any of the events at issue. This Court therefore cannot identify a defendant from which relief may be sought with respect to Stellick's allegations of excessive force.

The factual basis of the claims presented by Stellick against Fairview Southdale Hospital and its staff are more difficult to discern. Stellick alleges that he has been

---

[2] Though Stellick does not expressly invoke § 1983, no other federal statute appears to provide a potential basis for relief, and Stellick does not include allegations establishing that this Court would have jurisdiction over state-law claims. Accordingly, this Court interprets the complaint as seeking relief under § 1983.

committed to that hospital on several occasions, and he regards his treatment while committed (including the withdrawal of blood and temporary deprivation of water) as being inhumane. But the defendants named in relation to this claim do not appear to be state actors, which is a requirement for liability under § 1983. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Further, although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim being raised, Stellick's factual allegations are too cursory to put any potential defendant on notice of the specific claim being raised regarding his treatment at the hospital. Nothing is known regarding when the events at issue occurred, how the commitments may have differed from one another, which members of the hospital staff may have been involved, or so on. The complaint is simply too vague to state a claim for relief.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and that Stellick's IFP application be denied. Only one matter merits further comment: In its prior order, the Court directed Stellick to provide financial information from which the initial partial filing fee owed by him could be calculated. *See* Doc. No. 3 (citing 28 U.S.C. § 1915(b)). Stellick did not file the required information in this matter, but he has submitted financial documentation in other litigation brought in this district, and that documentation establishes that Stellick has no assets and no means from which to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). Accordingly, this Court has proceeded to review of the complaint (and determined that the complaint does not contain a viable claim for relief) without requiring

payment of an initial partial filing fee. *Id*. Nevertheless, Stellick remains responsible for the full statutory filing fee for this matter, and that fee must be paid in installments over time as funds become available to Stellick. *See* 28 U.S.C. § 1915(b)(2).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Dylan Stellick (Doc. No. 2) be **DENIED**.

3. Stellick be ordered to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and that the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Stellick is confined.

Dated: December 7, 2021          *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

5

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).